**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Elle Investments, L.L.C. | § | CASE NO. 19-51321 -7 |
| | § | *In the U.S. Bankruptcy Court for the* |
| Debtor, | § | |
| | § | *Western District of Louisiana,* |
| | § | *Lafayette Division* |
| | § | |
| IN RE: | § | |
| | § | |
| Moreno Properties I, L.L.C. | § | CASE NO. 20-50038-7 |
| | § | *In the U.S. Bankruptcy Court for the* |
| Debtor, | § | |
| | § | *Western District of Louisiana,* |
| | § | *Lafayette Division* |
| | § | |
| | § | |
| GE OIL & GAS, LLC | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | ADVERSARY NO. 20-03004-bjh |
| | § | |
| MORENO PROPERTIES I, L.L.C., ELLE | § | |
| INVESTMENTS, L.L.C., MBM | § | |
| SOUTHERN EQUINE STABLES, L.L.C., | § | |
| MICHEL B. MORENO, TIFFANY | § | |
| CUTRONE MORENO, MOR KM | § | |
| HOLDINGS, LLC, DALIS MORENO | § | |
| WAGUESPACK, in her capacity as trustee | § | |
| of MBM FAMILY TRUST NO. 1 | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | |

## GE OIL & GAS, LLC'S REPLY BRIEF IN SUPPORT OF MOTION FOR ABSTENTION AND REMAND

GE Oil & Gas, LLC ("***GEOG***"), by its counsel, files this reply (the "***Reply Brief***") to certain of the arguments raised by Defendant Michael B. Moreno ("***Moreno***") in his response (the "***Response***") in opposition to the

GEOG's *Motion for Abstention and Remand* (the "***Motion***"). GEOG's Motion is based upon the case removed to this Court from the District Court of Dallas County, Texas in the 192nd Judicial District (the "***State Court Action***" occurring in the "***State Court***")[1], as discussed in the Notice of Removal (the "***Notice of Removal***") filed by Defendant Michael B. Moreno ("Defendant" or "Moreno").

## I.
## THE STATE COURT ACTION DOES NOT
## IMPLICATE ANY BANKRUPTCY CASE

The current adversary proceeding only exists as a result of the nearly $40 million judgment against Moreno that has since climbed to over $70 million. There is evidence of rampant shuffling of assets among entities to avoid payment and abuse of the bankruptcy process to stall GEOG in collecting this judgment.

Moreno's removal based on his entities' chapter 7 bankruptcy filings is the latest chapter in his book of delay tactics. Anticipating that Moreno might attempt in Louisiana what he previously tried (and failed) to accomplish in New York, GEOG moved to sever Elle from the State Court Action on November 20, 2019 shortly after Elle filed its chapter 7 petition on November 8, 2019. That motion remained pending at the time of the removal. Then, on January 14, 2020, Moreno tried to "plant his flag" in bankruptcy court yet again by authorizing a chapter 7 bankruptcy filing for his entity Moreno Properties. The State Court Action was removed to this Court the same day.

Moreno's argument justifying removal hinges on the ability of a bankruptcy court to exercise jurisdiction over core proceedings arising under or arising in a case under title 11, and noncore proceedings that are merely

---

[1] Originally Cause No. DC-18-07164, *GE Oil & Gas, LLC v. Moreno Properties I, L.L.C., Elle Investments, L.L.C., MBM Southern Equine Stables, L.L.C., Turbine Generation Services, L.L.C., and Michel B. Moreno*, in the 192nd Judicial District of Dallas County. Currently, the case is styled: Cause No. DC-18-07164, *GE Oil & Gas, LLC v. Moreno Properties I, L.L.C., Elle Investments, L.L.C., MBM Southern Equine Stables, L.L.C., Michel B. Moreno, Tiffany Cutrone Moreno, MOR KM Holdings, L.L.C., and Dalis Moreno Waguespack in her capacity as trustee of MBM Family Trust No. 1*, in the 192nd Judicial District of Dallas County.

related to a case under title 11. On the basis of that perceived bankruptcy court jurisdiction, Moreno removed the State Court Action to this Court under 28 U.S.C. § 1452, which permits such removal where the Court "has jurisdiction of such claim or cause of action under section 1334 of [title 28]." 28 U.S.C. § 1452(a).

GEOG could request a ruling on its pending motion to sever Elle from the State Court Action, but that would still leave Moreno Properties as a second debtor defendant. Accordingly, contemporaneously with this Reply *GEOG has filed a motion requesting dismissal of Moreno Properties and Elle, without prejudice, as defendants in the State Court Actions*.[2]

Further, a defect in Moreno Properties' recent chapter 7 filing casts further doubt on the validity of the Moreno Properties filing (and further underscores the confused, intermingled nature of Moreno's web of legal entities). According to public records, "Moreno Properties, LLC" *was* a Louisiana limited liability company with its principal place of business in Lafayette, Louisiana. On November 10, 2015, however, Moreno Properties, LLC merged into Moreno Properties I, L.L.C., a Texas limited liability company with its principal place of business at 100 Highland Park Village in Dallas, Texas.[3] At the same time, Elle Investments, L.L.C., was converted from a Louisiana limited liability company to a Texas limited liability company with the same principal place of business.[4]

Moreno Properties I, L.L.C. is a defendant in the State Court Action, but the chapter 7 case that prompted its removal to federal court was filed in the name of Moreno Properties, LLC. Based upon GEOG's investigation,

---

[2] Ordinarily, GEOG could have accomplished this by simply nonsuiting the two defendants as permitted under Tex. R. Civ. P. 162. Upon removal of the State Court Action, however, this action was made subject to the Federal Rules of Civil Procedure. Accordingly, and as the defendants have already answered by general denial, GEOG has moved for their dismissal under Fed. R. Civ. P. 41(a)(2).

[3] A true and correct copy of the Certificate of Conversion for Moreno Properties I., L.L.C. is attached as **Exhibit A** . A true and correct copy of the Certificate of Conversion for Elle Investments, L.L.C. is attached as **Exhibit B**.

[4] The fact that both entities appear to have their principal places of business in Dallas, Texas—not Lafayette, Louisiana—raises a question whether either case is properly venued in the Western District of Louisiana.

there is in fact no bankruptcy case currently pending for the entity "Moreno Properties I, L.L.C."

## II.
## REPLY

**A. Moreno's "core" argument elevates form over substance.**

With nothing more than a bare citation to 28 U.S.C. § 157(b), Moreno concludes that the various claims GEOG asserts in the State Court Action should all be considered core proceedings. In its attempt to cast all or substantially all of the State Court Action as core, however, Moreno elevates form over substance and oversimplifies the nature of GEOG's claims.

According to Moreno, the State Court Action involves two categories of claims: (i) those fraudulent transfer and veil-piercing claims asserted against Moreno Properties and Elle and (ii) those asserted against other nondebtor defendants. For purposes of the core/noncore analysis, however, this elides critical distinctions that inform the analysis and reveal the flaws in Moreno's argument.

By GEOG's count, the various claims comprising the State Court Action are divisible into at least four different subgroups.

*Claims for the Avoidance of Fraudulent Transfers Made by Moreno to Nondebtor Defendants.* These are neither claims asserted against any debtor, nor claims that could be asserted by any Debtor. They are therefore wholly unrelated to any bankruptcy case, and are therefore not core claims.

*Veil Piercing Claims against Nondebtor Defendants.* Upon information and belief, Moreno has abused the corporate form of various nondebtor defendants, using them as his alter egos to evade GEOG's lawful efforts to collect the New York Judgment. Accordingly, GEOG seeks to pierce the corporate veil so as to make these nondebtor defendants co-liable for the New York Judgment. As Moreno acknowledges, "[b]y pursuing a reverse veil-piercing remedy, GEOG is attempting to capture the defendants' assets (if any) in satisfaction of the judgment that is owed only by Mr. Moreno and Debtor TGS." Response, at 9. These are "nondebtor versus nondebtor" claims that neither invoke the claims allowance process nor arise

in or under any pending bankruptcy case. These are categorically noncore proceedings.

*Claims Against Nondebtor Defendants to Recover Fraudulent Transfers Made by Debtor Defendants*. Moreno contends that claims to avoid and recover fraudulent transfers made by Moreno Properties and Elle to third-party transferees are now property of their respective chapter 7 estates. To the extent the trustees of their respective chapter 7 estates invoke 11 U.S.C. §§ 541(a) and 544(b) to pursue these claims, Moreno is arguably correct. The flaw in his reasoning, however, (aside from his attempt to extend the analysis to a broader swath of claims) is the chapter 7 trustees have taken no such steps—likely because the *Schedules of Assets and Liabilities* filed by Moreno Properties and Elle in their respective chapter 7 cases identify no such claims.[5] Indeed, the Moreno Properties trustee, after abandoning all scheduled assets to Moreno Properties, recently reported on the docket of that case that "there is no property available for distribution from the estate over and above that exempted by law....I request that I be discharged from any further duties as trustee." *In re Moreno Properties, LLC*, No. 20-50038 (Bankr. W.D. La. Feb. 20, 2020). Moreno's failure to bring any of these potential causes of action to the attention of the chapter 7 trustees is not surprising given that the targets of those claims are also Moreno-controlled entities. Nevertheless, as these fraudulent transfers claims are core proceedings only in the hands of a chapter 7 trustee, GEOG submits on these facts that these claims cannot be considered to be core proceedings.

*Claims Against Debtor Defendants to Recover Fraudulent Transfers and Pierce the Corporate Veil*. Moreno argues that the filing of proofs of claim in the Moreno Properties and Elle bankruptcy cases will invoke the claims allowance process, which is a core proceeding by operation of 28 U.S.C. § 157(b)(2)(B). This argument puts the cart before the horse, however, because it presupposes that GEOG has filed or will file such proofs of claim. The claims bar date in the Elle chapter 7 case is April 27, 2020, and no bar date has been set in the Moreno Properties case (the trustee

---

[5] True and correct copies of their *Schedules of Assets and Liabilities* are attached hereto as **Exhibit C** and **Exhibit D**.

recently declared it to be a no asset case). Until GEOG actually invokes the claims allowance process in either case—and, given its decision to nonsuit Moreno Properties and Elle, that day may never come—Moreno cannot invoke § 157(b)(2)(B) as a basis for removal of the State Court Action.

Even if GEOG were to invoke the claims allowance process by filing proofs of claim in either or both of the Moreno Properties and Elle cases, Moreno's conclusion that this *necessarily* converts the underlying claims to core proceedings is misplaced. According to Moreno, 28 U.S.C. § 157(b)(2)(B) means any proceeding to adjudicate a claim against a debtor's estate is a core proceeding, but "[i]n determining the nature of a proceeding for purposes of deciding its core status, the Court must look to both the form and substance of the proceeding." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 98 (5th Cir. 1987). Thus, in *Wood v. Wood*, the Fifth Circuit drew a clear distinction between the filing of a proof of claim, which "invokes the special rules of bankruptcy concerning objections to claims," and "the state-law right underlying the claim...which is different from the nature of the proceeding following the filing of a proof of claim." *Id.* Thus, where the claimant had not yet filed a proof of claim, nor invoked the "peculiar powers" of the bankruptcy court, the Fifth Circuit concluded, the substance of the action does not support a finding of core status. *Id.*; *see also Japhet v. Lyle (In re Houston Bluebonnet, LLC)*, No. 16-34850, 2016 Bankr. LEXIS 4166, at *12 (S.D. Tex. Dec. 6, 2016) (citing *In re Petroleum Prods. & Servs., Inc.*, 556 B.R. 296, 302 (Bankr. S.D. Tex. 2016)) (holding that even where a party *may* file a proof of claim in the future, "the fact that a potential proof of claim may be filed in the future does not transform a non-core matter into a core one"). On the facts of this case, the "peculiar powers" of this Court have not been invoked, and GEOG's claims remain state-law noncore claims.

## B.    The State Court Action can be timely adjudicated in state court.

Moreno suggests that GEOG's acknowledgment of "the futility of a May trial date", *see* Response at 14, concedes the impracticability of timely adjudication of the State Court Action in its original forum, but Moreno's argument is disingenuous. Before Moreno undertook his most recent serial bankruptcy filing in the course of his multi-year effort to hinder GEOG's lawful collection efforts, GEOG *was* diligently preparing for—and expected

to be prepared to timely commence—the May 2020 trial date scheduled in the State Court Action. Before Elle and Moreno Properties filed for chapter 7 relief and Moreno removed the State Court Action to this Court, GEOG had no reason to think that the pending action could not be adjudicated on schedule in the original forum.

Moreno asserts in his Response that "GEOG has even acknowledged that the State Court Action cannot be adjudicated in a timely fashion." Response, at ¶ 30. This is patently false. GEOG has never once suggested that a May 2020 trial date was infeasible. The correspondence Moreno cites was GEOG's simple attempt to cooperate with the opposing party to pause then-forthcoming expert deadlines in the State Court Action while GEOG was drafting its Motion for Abstention and Remand. Recognizing a new scheduling order had not yet been set and that remand was a budding issue in the current adversary proceeding, GEOG merely sought to ensure the State Court deadlines would be suspended until the Court ruled on the remand issue. In fact, at the February 14, 2020 scheduling conference in this adversary proceeding, GEOG pushed for any expedited briefing schedule in order for the parties' to honor the May 2020 trial date upon remand. GEOG never "acknowledg[ed] the futility of a May trial date" and to suggest otherwise is a gross mischaracterization.

When Elle commenced its chapter 7 case on November 8 2019, GEOG promptly moved to sever Elle as a defendant on November 20, 2019, so that the bankruptcy filing would not interfere with the timely adjudication of the State Court Action. GEOG moved for turnover and appointment of a receiver for Moreno, and a hearing on such motion was held on December 12, 2019. On the heels of that hearing, and no doubt recognizing that Elle's severance could put the State Court Action back on track, Moreno caused Moreno Properties to commence *its* chapter 7 case and simultaneously removed the State Court Action to federal court. If a May 2020 trial date is no longer feasible, it is only because Moreno has made it so.

## C.     Permissive abstention is compelled by these facts.

Finally, Moreno's chart ignores critical points of analysis in considering the fourteen factors for permissive abstention and equitable

remand. The factors Moreno identifies as either neutral or favoring bankruptcy jurisdiction overwhelmingly favor abstention and remand.

*Likelihood of Forum Shopping*. Moreno asserts that "there is no evidence of forum shopping," *see* Response, at ¶ 40, and this argument is rich indeed. Despite having been chastised once before for engaging in "sharp practices" and using the strategic timing of removal proceedings "as a delaying tactic," Moreno continues to push his *Texas* limited liability companies into *Louisiana* bankruptcy court, ignoring that those same entities were previously converted into Texas entities domiciled in a wealthy Dallas enclave. GEOG, by contrast, commenced the State Court Action in Dallas County against Dallas resident Moreno and his *Dallas*-based entities. Particularly in light of the inaccurate statements made in the Elle and Moreno Properties petitions concerning the legal names, states of organization, and principal places of business of each of the debtor entities, it is apparent that Moreno is using these bankruptcy filings in a vain attempt to shift the State Court Action away from the Dallas courts and into Lafayette, Louisiana. Moreno's manufactured choice of venue in Louisiana should be given no credence by this Court. This factor, too, favors remand as Moreno once again seeks to delay a suit in state court by pushing the entities he controls into bankruptcy one by one.[6]

*Efficient Administration of the Estate* and *State Law Issues Predominate*. As explained above, Moreno's arguments rest primarily on the assumption that GEOG will invoke the claims allowance process and that the chapter 7 trustees can pursue any estate claims, but that argument is premature. In the Elle bankruptcy case, GEOG has not yet filed a proof of claim, and the Moreno Properties case has already been declared a no-asset case in which no proofs of claim will be filed and all assets are abandoned

---

[6] Moreno suggests GEOG previously "conceded" its choice of forum by having filed another lawsuit in the Western District of Louisiana in 2014 following TGS's default of its original loan obligations. The subject of that lawsuit, however, was the original collection of the TGS Loan and the enforcement of Moreno's guaranty. *See* Complaint [Docket No. 1], Civil Action No. 6:14-cv-760, *GE Oil & Gas v. Turbine Generation Services, et al.* This State Court Action, by contrast, comprises GEOG's claims against Moreno's various Texas-based entities in an effort to collect on that original judgment.

back to Moreno Properties. As matters presently stand, it is undeniable that state law issues predominate.

*Substance of Claims*. Moreno characterizes this factor as neutral because the State Court Action, although grounded in state law causes of action, was "transformed" by the defendants' serial bankruptcy filings. As noted above, however, the Fifth Circuit in *Wood v. Wood* held plainly to the contrary. As in *Wood*, here "[t]he essential issue in the proceeding is whether the defendants are liable to the plaintiff under state law." *Wood v. Wood*, 825 F.3d at 98. No proofs of claim have yet been filed to trigger the claims allowance process under 28 U.S.C. § 157(b)(2)(B), and *Wood* makes clear that even that procedural change would not inherently be enough to invoke this Court's "peculiar powers." The substance of GEOG's claims is—and remains—grounded in state law. This factor favors remand.

*Additional Burden on the Bankruptcy Court's Docket*. This factor is likewise misclassified by Moreno. The State Court originally presiding in the State Court Action is most familiar with the parties, the facts, and GEOG's claims, having already read substantial briefing from the parties and conducted several pretrial hearings. *See* Motion, at 17. By contrast, the bankruptcies of both Moreno Properties and Elle present straightforward chapter 7 cases—one of which has already been declared a no-asset case that will require *no* further bankruptcy court involvement. The addition of this adversary action to the docket would impose an unnecessary burden on the docket of this Court by forcing it up the same steep learning curve that the State Court has already climbed. This factor, too, counsels remand.

### III.
### CONCLUSION

For the foregoing reasons, GE Oil & Gas, LLC's Motion for Abstention and Remand should be granted, and this Court should abstain from hearing the case at issue and remand it to the State Court, along with any other and further relief, in law and in equity, to which it may be justly entitled.

Dated: April 3, 2020                Respectfully submitted,

**REED SMITH LLP**

*/s/ Keith M. Aurzada*
Keith Aurzada (SBN 24009880)
Julie A. Hardin (SBN 24013613)
Michael H. Bernick (SBN 24078227)
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: 713.469.3834
Telecopier: 713.469.3899
jhardin@reedsmith.com
kaurzada@reedsmith.com
mbernick@reedsmith.com

***Attorneys for Plaintiff GE Oil & Gas, L.L.C.***

## Certificate of Service

I hereby certify that on April 3, 2020, I caused a true and correct copy of the foregoing to be served via the court's e-file portal system, which will send notification of such filing to the e-mail address of all counsel of record.

*/s/ Keith M. Aurzada*
Keith M. Aurzada